### SAMUEL SHEPHERD *vs.* JOSEPH CHAMBERLAIN.

A demand of payment of a note payable at a particular bank, made at that bank after the close of business hours, to which the officers of the bank answer that the maker has no funds there, is sufficient to charge an indorser.

ACTION OF CONTRACT against the indorser of a promissory note payable at the Merchants' Bank in Boston. Answer, want of demand on the maker, and of notice to the defendant as indorser.

At the trial in the court of common pleas at April term 1855, the plaintiff called a notary public, who testified that the note was put into his hands for protest on the last day of grace; "that after two o'clock on that day he called on the Merchants' Bank, and made demand of payment, and answer was made that they had no funds there for that purpose; and that afterwards, on the same day, he gave notice to the defendant as indorser; that business hours at the banks of Boston expired at two o'clock, and they then stopped paying out checks."

*Mellen,* C. J. instructed the jury that "the demand on the bank after business hours on the last day of grace, as in this case, was *prima facie* evidence of dishonor and of a valid demand, on which notice might be given to the indorser." The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. W. Sawyer,* for the defendant.

*H. L. Hazelton,* for the plaintiff.

SHAW, C. J. The single question in this case is, wheth.r due demand was made on the promisor by the notary public. We consider the evidence that the hours of business at the banks in Boston usually ended at two o'clock for some purposes, including paying checks, immaterial. Whatever was the custom of the bank about closing business, it was open when the notary went, and officers were there competent to answer, and their answer was competent to show that the promisor had no funds there for the purpose of paying the note demanded; this was a default, and dishonor of the note, upon which notice could properly be given and was given to the indorsers.

*Exceptions overruled.*